| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IV | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>Apelante<br><br>v.<br><br>PHYSICIAN CORRECTIONAL Y OTROS<br><br>Apelado | KLAN202401109 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV07354<br><br>Sobre: Daños |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparece ante nos, el señor Eliezer Santana Báez (señor Santana Báez o apelante) y nos solicita la revocación de la *Sentencia Parcial* notificada por el foro primario el 15 de noviembre de 2024, mediante la cual, desestimó sin perjuicio la demanda sobre daños y perjuicios contra el Dr. Víctor Arocho, el Departamento de Corrección, la señora Ana Escobar (Secretaria) y el Hospital Universitario Dr. Ramón Ruiz Arnau del Departamento de Salud (HURRA).[1]

**I.**

Surge del expediente que, el señor Santana Báez instó una demanda el 27 de noviembre de 2023, sobre daños y perjuicios contra Physician Correctional; Dr. Raúl Villalobos; Dr. Víctor Arocho; Departamento de Corrección y Rehabilitación; Ana Escobar (Secretaria); el señor Ángel M. Alvarado Cruz; el señor Víctor García Christian; Hospital Universitario Dr. Ramón Ruiz Arnau del

---

[1] Mediante *Resolución,* ordenamos la desconsolidación del recurso de epígrafe y del recurso núm. KLAN202401057.

Número Identificador

SEN2025 _____

Departamento de Salud (HURRA); Administración de Seguros de Salud de Puerto Rico (ASES) y Administración de Servicios Médicos de Puerto Rico (ASEM) (en conjunto los demandados).

En síntesis, alegó que, por los actos culposos y la negligencia médica incurrida por los demandados, sufrió daños y perjuicios. En particular expuso que, a consecuencia de los servicios médicos negligentes recibidos, en atención a su padecimiento de cáncer, los demandados provocaron que "le explotara la vesícula, se me regara la bilirrubina por todo el cuerpo y tuviera que estar al borde de perder la vida en el Centro Médico de Puerto Rico," entre otros sufrimientos.  Ante ello, solicitó resarcimiento por los daños sufridos y que se le suministraran los medicamentos para continuar su tratamiento médico.

En atención a lo antes, el foro primario notificó la siguiente *Orden* el 1 de abril de 2024:

> Tenga la parte demandante 15 días para informar las direcciones de los codemandados. Las cuales son indispensables para producir los emplazamientos.

En cumplimiento con lo anterior, el apelante acreditó una moción el 18 de abril de 2024, en la que informó lo siguiente:

> [...]
> 2. La dirección física de los demandados es: "480, Calle C[é]sar González, S[an] J[uan], P.R. 00919"
> 3. Otra persona o dirección sustituta: "Capital Center Building[,] Suite 201, S[an] J[uan] P.R. 00918". Tel[é]fono del abogado que representa a la compañía es: Lcdo. Edgar R. Vega Pab[ó]n, 787-771-9056, correo electrónico: edgarrvp13@gmail.com, quien además, puede ilustrar sobre dirección directa de éstos, a ser emplazados.
> [...][2]

Examinada la referida moción informativa presentada por el señor Santana Báez, el foro primario ordenó "expedir los emplazamiento(s) con la dirección informada, para ser diligenciados por los alguaciles en unión a la demanda."[3]  Como resultado de lo

---

[2] Entrada núm. 7 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.
[3] Entrada núm. 8 de SUMAC.

anterior, el 26 de abril de 2024, el Tribunal expidió todos los emplazamientos solicitados por el señor Santana Báez.

Atinente al recurso ante nos puntualizamos que, el 1 de noviembre de 2024, el Departamento de Justicia instó una *Segunda Moción en Cumplimiento de Orden,* en la cual expuso que, el Estado Libre Asociado de Puerto Rico no había sido emplazado. Debido a ello suplicó que, el TPI desestimara la causa instada en contra de las agencias gubernamentales y sus funcionarios, toda vez que, las agencias no tienen capacidad para demandar y ser demandado.[4] Ese mismo día, el TPI ordenó que el apelante mostrara causa por la cual no debía ordenar la desestimación de la demanda por falta de emplazamiento al ELA.[5] El 12 de noviembre de 2024, el señor Santana Baez acreditó una *Moción Solicitando Se Nos Aclare Emplazamientos a URA.*[6]

Evaluado lo antes, el TPI notificó una *Sentencia Parcial,* el 15 de noviembre de 2024, en la que ordenó la desestimación contra el Dr. Víctor Arocho, Departamento de Corrección, Ana Escobar (Secretaria) y Hospital Universitario Dr. Ramón Ruíz Arnau. En su dictamen destacó que, los referidos codemandados siendo funcionarios y dependencias del Estado Libre Asociado de Puerto Rico (ELA) deben ser emplazados por conducto del Secretario de Justicia, conforme establece la Regla 4.4 (f) de las Reglas de Procedimiento Civil. De su análisis del expediente determinó que, el señor Santana Báez no acreditó cumplimiento de lo anterior porque nunca demandó ni emplazó al ELA. En su consecuencia, ordenó el archivo sin perjuicio de la demanda instada en contra de dichas partes.

---

[4] Entrada núm. 77 en SUMAC.
[5] Entrada núm. 78 en SUMAC.
[6] Entrada núm. 80 en SUMAC.

Insatisfecho, el apelante acude ante esta Curia y señala lo siguiente:

> Erró el Tribunal de Primera Instancia al desestimar esta causa civil por falta de emplazamientos, cuando la omisión de ello recaía sobre la unidad de alguaciles quienes debían diligenciarlo y el Tribunal debía estar pendiente a que se cumpliera su propia orden, por lo que, de no haberse hecho, debía prorrogarse por justa causa el diligenciamiento por la omisión de la unidad de alguaciles.

El 21 de enero de 2025, mediante *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*, el Gobierno de Puerto Rico, por conducto de la Oficina del Procurador General, puntualizó que, su representación se limitaba al Departamento de Corrección y Rehabilitación, su Secretaria, Ana Escobar y el Hospital Universitario Dr. Ramón Ruiz Arnau (HURRA), no así a ASEM. Ello, porque, ASEM es una instrumentalidad pública con personalidad jurídica distinta y separada de la del Estado con capacidad para demandar y ser demandada.[7] Añadió que, el Dr. Víctor Arocho es empleado o contratista de la entidad privada que provee servicios de salud a la población correccional, por lo que, tampoco lo representa. Arguyó que, la apelación instada carece de méritos porque el apelante no emplazó a los funcionarios y dependencias del ELA por conducto del Secretario de Justicia. Destacó que, los alguaciles se limitaron a diligenciar a las direcciones que el apelante proveyó al TPI mediante moción.

Con el beneficio de las posturas de las partes, resolvemos.

**II.**

**A. Emplazamiento**

El emplazamiento es el mecanismo procesal utilizado para permitirle al tribunal adquirir jurisdicción sobre la parte demandada. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, 2024 TSPR 10, resuelto el 7 de

---

[7] Véase Ley Núm. 66 de 22 de junio de 1978, Ley de la Administración de Servicios Médicos de Puerto Rico, 24 LPRA secs. 342b, 342g(a).

febrero de 2024. A través del emplazamiento, la parte demandada queda notificada de que se ha presentado una acción judicial en su contra de manera que dicha parte pueda ejercer su derecho a ser oída y a defenderse. *Íd.* Cónsono con lo anterior, nuestro más Alto Foro enfatizó que la falta de un emplazamiento correcto "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado". *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021).

Sobre el término para diligenciar el emplazamiento, el inciso (c) de la Regla 4.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, dispone:

> [e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

El Tribunal Supremo resolvió en *Bernier González v. Rodríguez Becerra,* 200 DPR 637 (2018), que el término dispuesto en la Regla 4.3 antes citada es improrrogable.[8] Por tanto, transcurridos los 120 días sin que la parte demandante haya diligenciado el emplazamiento, el foro primario deberá cerciorarse de que, en efecto, el emplazamiento no fue diligenciado dentro del término en cuestión. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros,* supra. Cumplido lo anterior, el tribunal

---

[8] Cabe señalar que, en *Martajeva v. Ferré Morris y otros,* 210 DPR 612 (2022), el Tribunal Supremo resolvió que, a modo excepcional, la suspensión de todo procedimiento que surge a raíz de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5, también aplica al término para diligenciar el emplazamiento. Es decir, se detiene el término de 120 días hasta tanto la fianza de no residente sea prestada.

deberá intervenir con prontitud para desestimar sin perjuicio la causa de acción.

Es de notar que, la Regla 4.3 (c) no provee discreción al tribunal para extender el referido término, por lo que la Regla 68.2 de las de Procedimiento Civil, *supra*, resulta inaplicable para prorrogar el término para emplazar. *Bernier González v. Rodríguez Becerra*, supra, pág. 649.

De otra parte, debemos destacar que, por ser el emplazamiento un mecanismo de estirpe constitucional, los requisitos para llevarlo a cabo dispuestos en la Regla 4 de Procedimiento Civil (32 LPRA Ap. V), son de cumplimiento estricto. *In re Rivera Ramos,* 178 DPR 651, 666–667 (2010); *Global v. Salaam,* 164 DPR 474, 480 (2005).

La razón para esto es que, el requisito de emplazar está contemplado dentro del derecho constitucional, dentro del campo del debido proceso de ley. R. Hernández Colón, *Derecho Procesal Civil,* 5ta ed., San Juan, LexisNexis, 2010, pág. 221. Además de ser una violación al debido proceso de ley, la falta de diligenciamiento de un emplazamiento priva a los foros judiciales de adquirir jurisdicción sobre una persona e invalida cualquier dictamen judicial en su contra. *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997). Por tanto, no es hasta que se diligencia correctamente un emplazamiento y se adquiere jurisdicción sobre una persona que se le puede considerar parte en el caso, aunque previamente haya sido nombrada en el epígrafe. *Íd.*

A esos efectos, la Regla 4.4 de Procedimiento Civil, *supra,* dispone, en lo pertinente a la controversia ante nos, que:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a

quien le hizo entrega. El diligenciamiento se hará de la manera siguiente:

[ ... ]

(f) Al Estado Libre Asociado de Puerto Rico, entregando copia del emplazamiento y de la demanda al Secretario o Secretaria de Justicia o a la persona que designe.

(g) A un funcionario o una funcionaria, o una dependencia del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, entregando copia del emplazamiento y de la demanda a dicho funcionario o dicha funcionaria, o al jefe ejecutivo o jefa ejecutiva de dicha dependencia. Además, será requisito indispensable que en todos los pleitos que se insten contra un funcionario funcionaria o una dependencia del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, la parte demandante entregue copia del emplazamiento y de la demanda al Secretario o la Secretaria de Justicia o a la persona que designe. Si la dependencia es una corporación pública, se entregará las copias según lo dispuesto en la Regla 4.4(e).

[...].

De la regla anteriormente transcrita se puede colegir que, el emplazamiento dirigido al ELA deberá diligenciarse al Secretario de Justicia o a la persona designada, mientras que un emplazamiento dirigido a una instrumentalidad o funcionario del ELA, que no fuese corporación pública, se diligencia con la entrega de copia de éste y de la demanda al jefe ejecutivo de la instrumentalidad concernida y al Secretario de Justicia.

Atinente al recurso ante nos, es preciso señalar que, en *Rodríguez Torres v. Aut. Edif. Púbs*, 141 DPR 362, 367 (1996) el Tribunal Supremo estableció que, en nuestro ordenamiento hay tres (3) grandes tipos de entidades públicas a saber: (1) las agencias o los departamentos del Gobierno; (2) las corporaciones públicas creadas por estatuto, y (3) las corporaciones de emisión de acciones, organizadas al amparo de las leyes de corporaciones privadas, que son controladas parcial o totalmente por el Gobierno.

Cónsono con lo anterior, es norma reiterada en nuestro ordenamiento jurídico que "un departamento ejecutivo no tiene responsabilidad jurídica distinta y separada del Estado Libre Asociado de Puerto Rico." *Fred y otros v. E.L.A.,* 150 DPR 599, 605-606 (2000). En este caso el Tribunal Supremo distinguió el Departamento de la Vivienda de lo que antes se conocía como la

Corporación de Renovación Urbana y Vivienda (C.R.U.V.). En esa ocasión el Alto Foro resolvió que la C.R.U.V era una corporación pública no así el Departamento de la Vivienda. Reiteró que los criterios para determinar si una entidad gubernamental es una corporación pública son: poseer ingresos propios; tener autonomía fiscal para realizar préstamos; emisión de bonos y cuentas bancarias; poseer propiedades; contar con una Junta de Directores; poder aceptar donaciones, y tener capacidad para concertar acuerdos o contratos. *Íd.* Añadió al análisis pertinente que, (de cumplirse o no con los criterios antes señalados) se requiere específicamente que la ley habilitadora de la agencia concernida, reconozca la facultad de la entidad gubernamental para demandar y ser demandado. Citando a *Huertas v. Cía. Fomento Recreativo*, 147 DPR 12 (1998) reiterando a *Canchani v. C.R.U.V.* 105 DPR 352 (1976) sostuvo: "para que una entidad gubernamental tenga la capacidad para demandar y ser demandado, la ley habilitadora de dicha agencia ha de reconocerle expresamente tal facultad o en su defecto, debe inferirse razonablemente del esquema estatutario". Íd. a la pág. 605.

Por tanto, para que una entidad gubernamental tenga capacidad por sí para demandar y ser demandada, debe constar de manera clara y expresa en su ley habilitadora. Lo antes necesariamente incide en la forma correcta de emplazar a una entidad gubernamental ya que de no emplazarse conforme a lo dispuesto en la precitada Regla 4.4, *supra,* el tribunal no adquiere jurisdicción sobre la agencia ni sobre el Estado. *Canchani v. C.R.U.V.,* supra.

**III.**

En su recurso, la parte apelante solicita que revoquemos la *Sentencia Parcial* emitida el 14 de noviembre de 2024 por el TPI. Plantea que, erró el foro primario al desestimar su causa de acción

debido a la falta de diligenciamiento de los emplazamientos. Sostiene que, dicha omisión recaía sobre la Unidad de Alguaciles, quienes eran los encargados de diligenciarlos y, por ello, el Tribunal debía estar pendiente a que se cumpliera su propia orden. Arguye que, por no haber sucedido de esta forma, corresponde que prorroguemos por justa causa el diligenciamiento de los emplazamientos.

El Gobierno de Puerto Rico, por su parte, plantea que las agencias del Poder Ejecutivo no poseen personalidad jurídica propia y que, por ende, el verdadero demandado en este caso es el Estado. En consecuencia, sostiene que la parte apelante debía diligenciar los emplazamientos al Secretario del Departamento de Justicia o a la persona designada por este, conforme a la Regla 4.4(f) de las Reglas de Procedimiento Civil, *supra*.

Como discutimos previamente, el emplazamiento es la forma de adquirir jurisdicción sobre la persona del demandado. Los tribunales también pueden adquirir jurisdicción sobre la persona contra la que se reclama en el proceso judicial mediante su sumisión voluntaria a la jurisdicción del tribunal. *Id.* Añádase a ello que, la Regla 4.4 de Procedimiento Civil, *supra*, establece las maneras en que se puede emplazar al Estado, sus funcionarios y sus diversas dependencias.

En lo aquí pertinente, las Reglas de Procedimiento Civil disponen que, cuando se demanda a un funcionario en su capacidad oficial corresponde que se le diligencie el emplazamiento al funcionario y al Secretario de Justicia o a la persona que éste designe. Regla 4.4(g) de las Reglas de Procedimiento Civil, *supra*. A su vez, nuestro más Alto Foro ha expresado que cuando se demanda a una entidad gubernamental sin personalidad jurídica propia, como lo es un departamento ejecutivo, realmente se está demandando al ELA y lo correcto es emplazarlo vía el Secretario de

Justicia o el oficial designado por este. Además, para determinar si la entidad gubernamental goza de personalidad jurídica propia, o si por el contrario es el ELA propiamente, es necesario evaluar lo dispuesto en su ley orgánica.

En este caso, surge del expediente que, el foro primario le concedió un tiempo a la parte apelante para que informara las direcciones de los codemandados y, en consecuencia, se pudieran efectuar los diligenciamientos de los emplazamientos. En respuesta, el apelante presentó una *Moción En Cumplimiento de Orden*, en donde proveyó solo dos (2) direcciones para el diligenciamiento de <u>todos</u> los emplazamientos, a saber:

> [...]
> 2. La dirección física de los demandados es: "480, Calle C[é]sar González, S[an] J[uan], P.R. 00919"
> 3. Otra persona o dirección sustituta: "Capital Center Building[,] Suite 201, S[an] J[uan] P.R. 00918". Tel[é]fono del abogado que representa a la compañía es: Lcdo. Edgar R. Vega Pab[ó]n, 787-771-9056, correo electrónico: edgarrvp13@gmail.com, quien además, puede ilustrar sobre dirección directa de éstos, a ser emplazados.
> [...][9]

Además, se desprende del expediente que, los emplazamientos dirigidos al Departamento de Corrección y Rehabilitación, su entonces Secretaria, Ana Escobar y el Hospital Universitario Dr. Ramón Ruiz Arnau del Departamento de Salud (HURRA) fueron diligenciados únicamente a través de los representantes designados por cada uno de estos. Lo anterior, en cumplimiento con la información provista por el señor Santana Báez en su demanda y posterior escrito. A su vez, es importante destacar que, los referidos diligenciamientos fueron efectuados por la Oficina de Alguaciles dentro del término establecido por ley. Es decir, dentro de los 120 días posteriores a la fecha de la expedición de los emplazamientos. Sin embargo, el apelante no incluyó en su lista al Estado Libre Asociado de Puerto Rico, como parte demandada. Ahora bien, en

---

[9] Entrada núm. 7 de SUMAC.

cumplimiento de la normativa antes expuesta, procedemos a analizar de forma particularizada si el TPI incidió al desestimar la demanda contra los apelados.

En primer lugar, debemos acudir a la ley orgánica del Departamento de Corrección y Rehabilitación para determinar si esta es una entidad gubernamental que goza de personalidad jurídica propia, o si por el contrario, le corresponde al ELA suplirla. Luego de una lectura del Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011[10], resalta que, del propio texto de la ley surge que, este es un organismo de la Rama Ejecutiva, sin capacidad jurídica propia. De este modo, queda claro que era necesario emplazar al ELA mediante el Secretario de Justicia, acto que no se llevó a cabo. Por tanto, al tratarse de un departamento que carece de personalidad jurídica propia, no bastaba con entregar copia de la demanda y del emplazamiento a la representante autorizada del Departamento de Corrección y Rehabilitación. Era requisito indispensable que se emplazara al ELA por conducto del Secretario de Justicia.

A igual conclusión arribamos con respecto al diligenciamiento del emplazamiento del Hospital Universitario Dr. Ramón Ruiz Arnau del Departamento de Salud (HURRA). Por tratarse de una dependencia del Departamento de Salud, sin capacidad jurídica para demandar y ser demandada, correspondía que la parte apelante también la emplazara por conducto del Secretario de Justicia o a través de la persona designada por este, conforme a la Regla 4.4(f), *supra.* Sin embargo, ello no ocurrió así.

De otra parte, surge del expediente que el emplazamiento dirigido a la entonces Secretaria del Departamento de Corrección y

---

[10] Véase Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, Ley Núm. 2 de 21 de noviembre de 2011, según enmendado, 3 LPRA, Ap. XVIII, Art. 4.

Rehabilitación, Ana Escobar, fue diligenciado únicamente por conducto de una agente autorizada. No obstante, cabe señalar que, la Secretaria fue demandada en su capacidad oficial. Sobre el particular, nuestro más Alto Foro ha expresado que cuando una funcionaria es demandada en su capacidad oficial, debe ser emplazada a través del Secretario de Justicia, ya que la parte con verdadero interés es el ELA, pues será quien realmente responderá por la reclamación. Por ello, en este caso, también correspondía que se diligenciara copia de la demanda y del emplazamiento al Secretario de Justicia, pero no obra en el expediente que se haya diligenciado el emplazamiento al ELA.

En consecuencia, pudimos comprobar que, en la situación de autos, nunca se expidió ni diligenció emplazamiento alguno al Estado Libre Asociado de Puerto Rico. Sobre ello, la parte apelante argumenta erróneamente que, la omisión en el diligenciamiento de los emplazamientos recaía sobre la Oficina de Alguaciles. Sin embargo, aunque del expediente surge que, el foro primario emitió una orden para que la Oficina de Alguaciles diligenciara los emplazamientos, en el recurso no consta que se haya incluido al Estado Libre Asociado (ELA) como una de las partes demandadas. Por lo que, en realidad, fue la parte apelante-demandante quien omitió por completo incluir al ELA en su reclamación. Por ello, no es posible que le adjudiquemos responsabilidad a la Oficina de Alguaciles, pues estos cumplieron con su deber ministerial de diligenciar los emplazamientos dirigidos a las partes demandadas y a las direcciones señaladas por el propio apelante. La omisión recae únicamente sobre el señor Santana Báez.

Tras un examen detenido del expediente no surge que el Estado Libre Asociado de Puerto Rico haya sido incluido como demandado ni que se le haya diligenciado emplazamiento alguno o se haya sometido a la jurisdicción. Por ello, conforme al Derecho

antes expuesto, resultan insuficientes los diligenciamientos de emplazamientos efectuados al Departamento de Corrección y Rehabilitación, a la señora Ana Escobar (Secretaria) y al Hospital Universitario Dr. Ramón Ruiz Arnau del Departamento de Salud (HURRA). La entrega de copia de la demanda y el emplazamiento al Secretario de Justicia es un requisito <u>indispensable</u> en todo pleito que se inste en contra de un funcionario o dependencia del ELA, que no sea una corporación pública conforme a la Regla 4 de Procedimiento Civil, *supra.*

No existe motivo alguno que justifique el incumplimiento con este requisito. Sobre todo, cuando el Tribunal Supremo de Puerto Rico ha reiterado que, el hecho de que una parte comparezca por derecho propio, por sí solo, no justifica el incumplimiento de ésta con las normas procesales. *Febles v. Romar,* 159 DPR 714, 722 (2003).

Tras haber transcurrido el término jurisdiccional de 120 días sin que se hubiese diligenciado los emplazamientos conforme a Derecho, correspondía que el foro primario archivara sin perjuicio la causa de acción instada contra el Departamento de Corrección y Rehabilitación, la señora Ana Escobar (Secretaria) y el Hospital Universitario Dr. Ramón Ruiz Arnau del Departamento de Salud (HURRA). No se cometió el error señalado en cuanto a las partes antes mencionadas. Sin embargo, el cuadro fáctico procesal resulta distinto en cuanto al Dr. Víctor Arocho.

El foro primario en su *Sentencia Parcial* dictaminó que procedía archivar sin perjuicio la demanda con relación al Dr. Víctor Arocho, ya que, era requisito indispensable que su emplazamiento fuese diligenciado a través del Secretario de Justicia para que no fuese inválido. Sin embargo, el foro primario incidió en su análisis. Nos explicamos.

El Departamento de Corrección y Rehabilitación no es la entidad que provee los servicios médicos a la población correccional. La entidad privada que el Departamento de Corrección y Rehabilitación contrató para atender los asuntos médicos de los miembros de la población correccional es *Physician Correctional*. Por ello, no es correcto interpretar que el Dr. Víctor Arocho es un empleado del Estado Libre Asociado de Puerto Rico, pues, por el contrario, es empleado o contratista de una entidad privada que ofrece servicios médicos al Departamento de Corrección y Rehabilitación. Igual argumento nos presentó el ELA en su recurso presentado ante esta Curia. Ello pues, en su comparecencia ante nos, la Oficina del Procurador General en representación del Gobierno de Puerto Rico aclaró que, el Dr. Víctor Arocho es un empleado o contratista de la entidad privada que provee servicios de salud a la población correccional y que, por tal razón, no le correspondía representar al Dr. Víctor Arocho.[11] Siendo así, corresponde que examinemos el diligenciamiento del emplazamiento al Dr. Víctor Arocho conforme al Derecho aplicable.

Surge del expediente que el emplazamiento dirigido al Dr. Víctor Arocho fue diligenciado por la Oficina de Alguaciles mediante entrega personal el 14 de mayo de 2024. Con respecto a lo aquí concerniente, la Regla 4.4(a) de Procedimiento Civil, *supra*, establece que, el diligenciamiento del emplazamiento se efectuará entregando copia del emplazamiento y de la demanda a la persona.

Por ello, sostenemos que erró el foro primario al archivar sin perjuicio la causa de acción instada contra el Dr. Víctor Arocho. En su caso, no se trataba de un funcionario público, por lo que correspondía que fuese emplazado conforme al inciso a de la Regla

---

[11] Cabe señalar que, por alguna inadvertencia, surge de la *Segunda Moción En Cumplimiento de Orden* presentada el 1 de noviembre de 2024 que, el Departamento de Justicia incluyó en su solicitud de desestimación al Dr. Víctor Arocho. Sin embargo, mediante su comparecencia ante esta Curia informó que no representaba a dicha parte.

4.4 de Procedimiento Civil, *supra.* En su consecuencia, se cometió el error señalado en cuanto a dicha parte.

**IV.**

Por los fundamentos que anteceden, se confirma la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia en cuanto al archivo sin perjuicio de la causa de acción instada contra el Departamento de Corrección y Rehabilitación, la señora Ana Escobar (Secretaria) y el Hospital Universitario Dr. Ramón Ruiz Arnau del Departamento de Salud. Sin embargo, corresponde revocar el dictamen desestimatorio en cuanto al Dr. Víctor Arocho, toda vez que fue emplazado conforme a Derecho.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones